UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| TONYA MARIE ARLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV406-73 |
| | ) | |
| CITY OF SAVANNAH, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In March 2006 Tonya Marie Arledge, proceeding *pro se* and *in forma pauperis*, engulfed this Court with a series of complaints[1] which largely repeat the same theme: that she has "heard over the radio" that her privacy has been invaded, that her mind is being controlled by outside forces, and that she has been repeatedly raped and tortured by various actors, local radio personalities, President Bush, and other public figures. The factual allegations of these various complaints are utterly fanciful and

---

[1] From March 1 to March 9, 2006, plaintiff filed 18 separate complaints. She filed 5 additional complaints on March 20, 2006.

are clearly the product of a troubled mind that is suffering from paranoia and having difficulty grappling with reality.

The vast majority of plaintiff's complaints lack an arguable factual basis, and their dismissal has been recommended under 28 U.S.C. § 1915(e)(2). While plaintiff's specific factual allegations in this particular case —that City of Savannah officials have failed to take her complaints seriously or investigate the invasions of her privacy—do not "rise to the level of the irrational or wholly incredible" sufficient to justify the dismissal of her complaint as factually frivolous, Denton v. Hernandez, 504 U.S. 25, 33 (1992), it is clear that plaintiff's action is legally frivolous and fails to state a claim which may be heard in this Court. It should therefore be dismissed.

In this case, plaintiff is suing the City of Savannah for a litany of wrongs, including obstruction of justice, invasion of privacy, sexual assault, identity theft, and wiretapping. Plaintiff's complaint incorporates many of her previous claims into a general grievance against the City of Savannah and its police department, although she also references the FBI, various federal law enforcement officials, attorneys, and other entities and

individuals who have allegedly wronged her. As in many of her other complaints, plaintiff states that she was listening to the radio at work one day when she heard "someone discussing [her] privacy." Doc. 1. She then "turned to the resources of this community when [she] needed help to save [her] employment and to save [her] famil[y's] character." Id. At first, plaintiff tried to get police reports against two individuals who live and work in Chatham County.[2] When the police would not issue these reports, plaintiff sought "good behavior bonds" against these two individuals. After plaintiff paid the requisite filing fee, the local courts allegedly refused to file the bonds. Plaintiff then attempted to initiate investigations of these two individuals by the Federal Bureau of Investigation and the "Internal Affairs Department," but officials advised plaintiff to see a doctor. Plaintiff complains that "[t]hese organizations have completely neglected to help me in any matter. They have turned their back on me and literally just did not care AT ALL." Id. Plaintiff claims that she has been treated with negligence and disrespect. She states that doctors and dentists have

---

[2]It appears from plaintiff's other complaints that she initially sought police reports concerning John Mulvihill and Allison Maruca, two radio personalities associated with a local radio station. Plaintiff mentions later in her complaint against the City of Savannah that the two individuals worked at a local radio station. Id.

concealed evidence and information; that Memorial Hospital lied to her and gave her unauthorized injections; that Georgia Regional Hospital administered unauthorized strip searches and unnecessary medication; that the police threaten to take her to a mental hospital when she calls to make a police report; and that she contacted over 100 attorneys in Savannah, all of whom refused to help her. Plaintiff has lost her job and three homes. Plaintiff states that due to government influence she cannot find work or an attorney in Savannah.

The federal *in forma pauperis* statute allows a court to dismiss an indigent's complaint if the court determines that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). This statute empowers the federal courts to dismiss claims resting upon "an indisputably meritless legal theory," as well as "those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). At the time Neitzke was decided, the federal *in forma pauperis* statute did not allow the dismissal of an indigent's complaint on the ground that it failed to state a claim upon which relief could be granted. Id. at 324 (construing the meaning of "frivolous" as used in the former IFP statute, which was

codified as 28 U.S.C. § 1915(d)). More recently, Congress amended the statute to authorize the sua sponte dismissal of both frivolous claims and those claims which, though they may have an arguable legal basis, are ultimately found to lack merit. 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing dismissal of complaints which fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6)). Further, like any complaint, an *in forma pauperis* filing may be dismissed for want of subject matter jurisdiction. Neitzke, 490 U.S. at 327 n.6.

There is no arguable legal basis to support plaintiff's complaint that the City of Savannah, acting through its police department and other officials, have somehow wronged plaintiff by refusing to investigate her fantastic and delusional claims of being raped and tortured by every public figure she hears mentioned in the media. Furthermore, even if her claims were grounded in reality, "[t]he federal Constitution does not oblige any state or local government to ensure the safety of its citizens." Ensley v. Soper, 142 F.3d 1402, 1406 (11th Cir. 1998). See Town of Castle Rock v. Gonzales, 125 S. Ct. 2796 (2005); DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189 (1989). Because the law is well established that

plaintiff has no federally-guaranteed right to a police investigation, her complaint against the City is "based on an undisputably meritless legal theory" and therefore should be dismissed as frivolous. Neitzke v. Williams, 490 U.S. at 327.

While plaintiff may be a sympathetic litigant because she is clearly suffering from some mental disorder that impairs her rational processes and causes her to experience delusions and extreme paranoia, this Court is not a provider of therapy services, and it need not allow its docket to be cluttered by complaints which have no conceivable legal basis. Accordingly, this complaint, which was commenced without payment of the filing fee, should be dismissed as frivolous under § 1915(e)(2).

SO REPORTED AND RECOMMENDED this 5th day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA